UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA PAGE,

                Plaintiff,                          Case Number 16-11947
                                                        Honorable David M. Lawson
v.                                                             Magistrate Judge Mona K. Majzoub

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

The main issue presented by the plaintiff's complaint and motion for summary judgment in this Social Security disability appeal is whether substantial evidence supports the Commissioner's determination that the plaintiff enjoyed medical improvement of her impairments after a closed period of disability. The plaintiff filed the present action on May 31, 2016 seeking review of the Commissioner's partially favorable decision on her claim for a period of disability and disability insurance benefits under Title II fo the Social Security Act. The case was referred to United States Magistrate Judge Mona K. Majzoub under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an open award of benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Majzoub filed a report on May 23, 2017 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of

the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, and the defendant filed a response to the plaintiff's objections. This matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this statute does not mandate a wholesale review of the motion; it only requires the Court to address those issues still in contention, as evidenced by the specific objections to the report. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). *See also McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (emphasizing that "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have'") (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's response, and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now fifty years old, filed her protective application for disability insurance benefits on May 22, 2013, when she was forty-six. The plaintiff graduated high school and has a certificate to be a nursing assistant, and previously worked as a nurse aid. In her application for disability insurance benefits, the plaintiff alleged a disability onset date of February 1, 2013. The plaintiff has been diagnosed with degenerative disc disease, degenerative joint disease, a migraine headache disorder, and an affective disorder (depression/anxiety).

The plaintiff's application for a period of disability and disability insurance benefits was initially denied on September 12, 2013. The plaintiff timely filed a request for an administrative hearing, and on December 18, 2014, the plaintiff appeared before Administrative Law Judge (ALJ) Regina Sobrino. On May 12, 2015, ALJ Sobrino issued a written decision in which she found that the plaintiff was disabled from February 1, 2013 through June 24, 2014 and granted the plaintiff disability benefits for that period of time, but not thereafter. On April 18, 2016, the Appeals Council denied the plaintiff's request for review of the ALJ's decision finding that she was not eligible for benefits after June 24, 2014. The plaintiff filed her complaint seeking judicial review on May 31, 2016.

ALJ Sobrino reached her conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520, followed by the multi-step process set out in 20 C.F.R. § 404.1594, to determine if her disability continued through the date of the ALJ's decision. She found that the plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 1, 2013 (step one); the plaintiff suffered degenerative disc disease, degenerative joint disease, a migraine headache disorder, and an affective disorder (depression/anxiety), impairments

which were "severe" within the meaning of the Social Security Act (step two); and none of those impairments alone or in combination met or equaled a listing in the regulations (step three).

Before applying the next step, the ALJ determined that the plaintiff retained the capacity to perform a limited range of sedentary work. It appears that the ALJ noted that the plaintiff's neck and shoulder pain was treated with steroid injections. She had a cervical fusion in July 2013, and underwent an arthroscopic repair of her left rotator cuff in May 2013. The ALJ concluded, therefore, that the plaintiff was restricted to performing work that allowed the use of both hands for any lifting, carrying, pushing, or pulling; the opportunity to alternate from sitting to standing, and from standing to sitting, for up to five minutes approximately every 30 minutes; did not require climbing of ladders, ropes, or scaffolds; did not require crawling; called only for occasional climbing of stairs, stooping, kneeling, and crouching; did not call for overhead reaching, and no more than frequent reaching in other directions; did not involve exposure to hazards or vibration; and demanded only simple, routine, repetitive work not done at production rate pace (e.g., no assembly-line work), with minimal changes in the work setting. The ALJ also found that the plaintiff suffered from degenerative disc disease in the low back and was treated with Lidoderm patches in June 2013, and with steroid injections multiple times throughout the spring of 2013. She had nerve blocks, trigger point injections, and epidural injections in October 2013, and May and June 2014. In determining residual functional capacity (RFC), therefore, the ALJ concluded also that the plaintiff "would have been expected to miss more than one workday per month due to her impairments and treatment" from February 1, 2013 through June 24, 2014. Tr. 20.

Applying the fourth step, the ALJ found that the plaintiff could not perform her past work as a nurse assistant, which required heavy exertion.

In applying the fifth step, the ALJ relied on the testimony of a vocational expert (VE), who said that the plaintiff could not engage in her previous work as a nurse assistant, and there were no jobs in the national economy that the plaintiff could perform if she was expected to miss more than one day of work per month. The ALJ found the plaintiff to be disabled from February 1, 2013 through June 24, 2014.

The ALJ also found that the plaintiff enjoyed medical improvement after June 24, 2014, and determined that her RFC thereafter allowed her to perform the same limited range of sedentary work, but she removed the restriction she would be expected to miss more than one day of work per month. With that restriction removed, the VE testified that an individual with the plaintiff's residual functional capacity would be able to perform the requirements of representative occupations such as an information clerk, with 160,000 jobs nationally; a general office clerk, with 150,000 jobs nationally; and an order checker, with 180,000 jobs nationally. Because there were significant numbers of those jobs in the national economy, the ALJ concluded that the plaintiff's disability, within the meaning of the Social Security Act, ended on June 25, 2014.

In her motion for summary judgment, the plaintiff took no issue with the ALJ's initial RFC assessment, or the fact that the ALJ found the plaintiff's impairments to be less restrictive than her primary care physician, Dr. Rajakumari Swamy, at least as stated before June 25, 2014. The plaintiff's sole issue is that the ALJ's determination of medical improvement is not supported by substantial evidence. The magistrate judge disagreed, and pointed in her report to evidence in the administrative record that she believed was "substantial." The plaintiff disagrees and reiterates her arguments in her objection to the recommendation and report.

The plaintiff argues that the magistrate judge and the ALJ erred by finding that the plaintiff had a sustained improvement in her level of pain. The Secretary defines "medical improvement" as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with your impairment(s)." 20 C.F.R. § 404.1594(b)(1).

A key item of evidence in the record was the June 25, 2014 treatment note from pain management specialist Dr. Rama D. Rao, in which he reported that the plaintiff had "a 50% decrease in pain in low back," and that she was "functioning better with limited medications from primary." Tr. 533. She contends that this is the only evidence relied upon by the ALJ and the magistrate judge that supports the determination of medical improvement. The plaintiff insists that any reported improvement on that date was temporary, and her limitations are better reflected by the November 2014 assessment furnished by Dr. Swamy.

In support of her argument that the improvement in symptoms reflected in Dr. Rao's June 25, 2014 note was only temporary, the plaintiff says that before that date, she received cervical pain blocks at C5, C6, C7, and T1, and on two occasions, lumbar epidural steroid injections at L4-L5 and L5-S1. She then points to continued treatment with injections after that date as evidence of the temporal nature of the pain relief reported on June 24. But as the magistrate judge noted, post-June 24 pain injections were for shoulder pain, not low back pain. It was the improvement in the low back that caused the ALJ to find medical improvement.

Moreover, there is no requirement that medical improvement be permanent. Congress has authorized a cessation of benefits if an impairment becomes not disabling when there is "substantial evidence" that "there has been *any* medical improvement in the individual's impairment" and "the individual is not able to engage in substantial gainful activity." 42 U.S.C. § 423(f) (emphasis added). Certainly, a medical improvement that is only temporary or fleeting would not support a finding that substantial gainful activity is possible. But an improvement that mollifies an impairment over months can impact a finding of disability. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months").

It is true that less than a month after June 24, the plaintiff's primary care physician (Dr. Swamy) noted that there was tenderness in the plaintiff's lower back, her range of motion was restricted, and she was to remain on off-work status until July 21, 2014. But here, not only did Dr. Rao's note indicate a 50% improvement in the low back pain symptoms, but the plaintiff thereafter needed no additional injections to treat the low back through the date of the hearing, which occurred in December 2014. Do those combined facts amount to substantial evidence that supports the ALJ's finding that the plaintiff would no longer have to miss work more than once per month because of her impairments and treatment? The answer must be yes. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The evidence of medical improvement, although not compelling, easily meets that standard. And it is well established that a reviewing court must affirm the

Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The plaintiff also takes issue with lack of deference paid to the November 2014 disability opinion of Dr. Swamy. She asserts that although the magistrate judge and the ALJ indicate that Dr. Swamy's opinions should be afforded little weight, the ALJ and the magistrate actually relied on Dr. Swamy's opinions, which, the plaintiff contends, run contrary to the conclusions reached by the magistrate judge and the ALJ. The plaintiff argues that the ALJ adopts almost all of Dr. Swamy's restrictions. The plaintiff argues that the ALJ relied on Dr. Swamy's opinion that the plaintiff would miss four to five days of work per month, which, in part, formed the basis of finding the plaintiff disabled between February 1, 2013 through June 24, 2014. She then says that the only medical opinion in the record after the critical restriction was removed is from Dr. Swamy, who indicated that the plaintiff would continue to miss more than one day of work a month.

Furthermore, the plaintiff argues that the magistrate judge erred by identifying isolated normal findings to show medical improvement. However, the plaintiff contends, the findings cited by the magistrate judge had always been normal and therefore do not reflect any improvement in the plaintiff's medical condition.

This later argument is misdirected. "The Commissioner has elected to impose certain standards on the treatment of medical source evidence." *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937 (6th Cir. 2011) (citing 20 C.F.R. § 404.1402). The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your

medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(c)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec'y of Health & Human Servs.,* 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985). If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.,* 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984).

However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 378, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F. 3d 469, 477 (6th Cir. 2003). If an ALJ is unpersuaded, she "is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Gayheart Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). To enable appellate review of the ALJ's decision, "[t]hese reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Ibid.* (quoting Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)).

The ALJ here gave Dr. Swamy's opinion only partial weight. The magistrate judge found that substantial evidence supported that choice, because the record did not demonstrate medical findings that were consistent with the severity of the restrictions found by Dr. Swamy in his November 2014 report to the Social Security Administration. The magistrate judge's discussions of multiple normal findings had nothing to do with the idea that the plaintiff had improved medically. Instead, those observations were related to the ALJ's finding that Dr. Swamy's opinion was unsupported by the evidence, rather than as support to find the plaintiff's medical condition had improved.

The ALJ did not err when deciding to accord the weight she gave to Dr. Swamy's opinions. The magistrate judge was correct in her assessment that substantial evidence supported that decision.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #19] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #22] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #15] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #16] is

**GRANTED**. The findings of the Commissioner are **AFFIRMED**.

                                                s/David M. Lawson  
                                                DAVID M. LAWSON  
                                                United States District Judge

Dated: July 6, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2017.

                              s/Susan Pinkowski  
                              SUSAN PINKOWSKI